IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE RIVERKEEPER NETWORK, and the DELAWARE RIVERKEEPER, MAYA VAN ROSSUM,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and JANE NISHIDA, in her official capacity as the Administrator of the United States Environmental Protection Agency,[1]<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-03412-MMB |

**JOINT STIPULATION TO HOLD THESE PROCEEDINGS IN ABEYANCE AND PROPOSED BRIEFING SCHEDULE**

　　　　Plaintiffs Delaware Riverkeeper Network and the Delaware Riverkeeper, Maya van Rossum, and Defendants United States Environmental Protection Agency and Jane Nishida, in her official capacity as Acting Administrator of the United States Environmental Protection Agency (collectively, "EPA"), by and through their counsel, hereby stipulate to hold these proceedings in abeyance for 60 days, until April 6, 2021. In further support of this Stipulation, the Parties state:

　　　　1.　　Plaintiffs in this action challenge an EPA final rule under the Clean Water Act, entitled the Clean Water Act Section 401 Certification Rule (the "Certification Rule") (codified at 40 C.F.R. § 121).

　　　　2.　　On January 20, 2021, President Biden signed Executive Order 13,990, *Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis*, 86 Fed.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Andrew R. Wheeler's successor, Jane Nishida, in her official capacity as Acting Administrator of the United States Environmental Protection Agency, is automatically substituted as a defendant.

Reg. 7037 (Jan. 25, 2021), directing federal agencies to review certain actions taken between January 20, 2017, and January 20, 2021. The Certification Rule was specifically listed in a subsequent White House Statement as one of the agency actions to be reviewed pursuant to the Executive Order for potential suspension, revision or rescission.

3. Pursuant to the Executive Order, EPA officials are now reviewing the Certification Rule. Holding this case in abeyance will allow EPA additional time to brief new administration officials with decision-making responsibility about the Certification Rule.

4. EPA submits that, as to the many issues presented in this case, it would be exceedingly difficult for litigation counsel for EPA to represent EPA's conclusive position as to these issues while EPA is in the process of reviewing the Certification Rule. Similarly, it would be improper for counsel for EPA to speculate as to the likely outcome of the review on any particular issue.

5. It is EPA's position that:

a. Agencies have inherent authority to review past decisions and to revise, replace or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("*State Farm*").

b. EPA's interpretations of statutes it administers are not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted). *See also Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (a revised rulemaking based "on a reevaluation of which policy would be better in light of the facts" is "well within an agency's discretion," and "'[a] change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations'") (quoting *State Farm*, 463 U.S. at 59 (Rehnquist, J., concurring in part and dissenting in part)).

6. EPA submits that it expects to be able to provide further information about the status of its review of the Certification Rule within 60 days. At the end of the 60-day period, EPA

will confer with Plaintiffs and intervening parties to provide a status report where EPA may request additional time.

7. For the foregoing reasons, abeyance of all proceedings in this Court for 60 days is warranted. An abeyance would preserve the resources of the Court and the Parties if, as a result of the Agency's review directed by the Executive Order, the Agency decides it would be appropriate to undertake further rulemaking to suspend, revise or rescind the Certification Rule. Such action could obviate the need for judicial resolution of the issues raised in the Complaint or narrow the issues subject to litigation.

8. Intervening parties consent to the relief requested in paragraph 7.

9. Nothing in this Joint Stipulation shall prejudice any Party's ability to seek additional relief, including an extension of the abeyance period.

WHEREFORE, the Parties respectfully request that the Court issue an order holding all proceedings in this case in abeyance for 60 days, until April 6, 2021. EPA will confer with Plaintiffs and intervening parties and provide a status report regarding its review of the Certification Rule by April 6, 2021.

If additional time beyond April 6, 2021 is not granted by the Court, the parties request the following briefing schedule:

(1) April 30, 2021 – Defendant EPA to lodge administrative record

(2) June 1, 2021 – Plaintiffs to move for summary judgment (45 pages)

(3) June 15, 2021 - Amicus briefs to be filed in support of Plaintiffs (20 pages per brief)

(4) July 16, 2021 – Defendant EPA to file opposition and cross-motion for summary judgment (45 pages)

(5) July 30, 2021 - Intervenors to file opposition and cross-motion for summary judgment (45 pages total; if unable to agree on allocation, 15 pages each)

(6) August 17, 2021 – Plaintiffs to file response/reply in support of Plaintiffs' motion for summary judgment (40 pages)

(7) August 31, 2021 – Defendant EPA to file reply in support of EPA's opposition and cross-motion for summary judgment (20 pages)

(8) September 14, 2021 – Intervenors to file reply in support of EPA's opposition and cross-motion for summary judgment (20 pages total; if unable to agree on allocation, 6.5 pages each)

Respectfully submitted this 8th day of February, 2021.

/s/ Kacy C. Manahan
Kacy C. Manahan (*pro hac vice*)
Delaware Riverkeeper Network
925 Canal Street, Suite 3701
Bristol, PA 19007
(215) 369-1188 x115
kacy@delawareriverkeeper.org

*Attorneys for Plaintiffs*

JEAN E. WILLIAMS
Deputy Assistant Attorney General


/s/ Vanessa R. Waldref
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
VANESSA R. WALDREF (D.C. Bar No. 989692)
Vanessa.R.Waldref@usdoj.gov
ELISABETH H. CARTER (N.Y. Bar No. 5733274)
Elisabeth.Carter@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street, NE
Suite 4.149
Washington, D.C.  20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendants*

The Court has considered the Parties' Stipulation and finds good cause to hold these proceedings in abeyance and enter the above briefing schedule. Accordingly, **IT IS HEREBY ORDERED.**

DATED this _____9th_____ day of __February__, 2021.

                              BY THE COURT:

                              _s/ Michael M. Baylson_____
                              HONORABLE MICHAEL M. BAYLSON
                              United States District Judge