IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE RIVERKEEPER NETWORK, and the DELAWARE RIVERKEEPER, MAYA VAN ROSSUM,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,[1]<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-03412-MMB |

**STATUS REPORT AND UNOPPOSED REQUEST FOR FURTHER ABEYANCE**

　　　　Pursuant to the Court's Order of February 10, 2021 (Dkt. No. 57), Defendants United States Environmental Protection Agency and Michael Regan, in his official capacity as Administrator of the United States Environmental Protection Agency (collectively, "EPA"), hereby submit the following status report and request that the Court continue to hold these proceedings in abeyance for an additional 60 days, until June 4, 2021.

　　　　1.　　　Plaintiffs in this action challenge an EPA final rule under the Clean Water Act, entitled the Clean Water Act Section 401 Certification Rule (the "Certification Rule") (codified at 40 C.F.R. § 121). On January 20, 2021, President Biden signed Executive Order 13,990, *Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis*, 86 Fed. Reg. 7,037 (Jan. 25, 2021), directing federal agencies to review certain actions taken between January 20, 2017, and January 20, 2021. The Certification Rule was specifically listed in a subsequent White House Statement as one of the agency actions to be reviewed pursuant to the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Jane Nishida's successor, Michael Regan, in his official capacity as Administrator of the United States Environmental Protection Agency, is automatically substituted as a defendant.

Executive Order for potential suspension, revision or rescission.[2] On February 10, 2021, pursuant to a joint stipulation by the Parties, the Court placed the case under a 60-day abeyance, until April 6, 2021.

2. For the past 60 days, EPA officials have been reviewing the Certification Rule. This effort has included briefings with senior leadership in EPA's Office of Water. EPA leadership has determined that Administrator Regan should be consulted on this matter. Administrator Regan was sworn in on March 11, 2021. An initial briefing of Administrator Regan regarding the Certification Rule was held this week. Further consultation with Administrator Regan is necessary to determine a course of action with respect to the Certification Rule.

3. In parallel with its internal review of the Certification Rule, EPA has also taken steps to understand Plaintiffs' concerns with the Rule's implementation. EPA has met with the Army Corps of Engineers to discuss implementation challenges and concerns.

4. The Certification Rule is among the highest priorities for EPA's Office of Water. EPA requires additional time for its review of the Certification Rule. EPA anticipates that extending the abeyance by 60 days will allow the Office of Water to work with Administrator Regan to select a course of action with respect to the Certification Rule, and to announce its intended course of action. At the end of the 60-day period, EPA will confer with Plaintiffs and intervening parties to provide a status report. While EPA anticipates that it will have selected and announced its intended course of action by the end of the 60-day period, EPA reserves the right to request additional time. The Parties will meet and confer and, if necessary, propose a new briefing schedule at the end of the 60 days.

5. For the foregoing reasons, continuing the abeyance of all proceedings in this Court for 60 days is warranted. An abeyance would preserve the resources of the Court and the Parties if, as a result of the Agency's review directed by the Executive Order, the Agency decides it would be appropriate to undertake further rulemaking to suspend, revise or rescind the Certification Rule.

---

[2] White House, Statements and Releases, *Fact Sheet: List of Agency Actions for Review* (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/ (last visited April 5, 2021).

Such action could obviate the need for judicial resolution of the issues raised in the Complaint or narrow the issues subject to litigation.

6. Counsel for EPA has conferred with Plaintiffs and intervenors regarding this request. Plaintiffs and intervenors do not oppose this request.

Therefore, Defendants respectfully request that the Court issue an order holding all proceedings in this case in abeyance for an additional 60 days, until June 4, 2021, and vacating the present briefing schedule. EPA will confer with Plaintiffs and intervening parties and provide a status report regarding its review of the Certification Rule by June 4, 2021.

Respectfully submitted this 6th day of April 2021.

JEAN E. WILLIAMS
Deputy Assistant Attorney General

/s/ Elisabeth H. Carter
ELISABETH H. CARTER (N.Y. Bar No. 5733274)
Elisabeth.Carter@usdoj.gov
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
VANESSA R. WALDREF (D.C. Bar No. 989692)
Vanessa.R.Waldref@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street, NE
Washington, D.C. 20002
Telephone (202) 514-0375 (Hill)
           (202) 514-2741 (Waldref)
           (202) 514-0286 (Carter)
Facsimile (202) 514-8865

*Attorneys for Defendants*

The Court has considered Defendants' Status Report and Unopposed Request for Further Abeyance and finds good cause to hold these proceedings in abeyance until June 4, 2021. Accordingly, **IT IS HEREBY ORDERED.**

DATED this _____ day of _____ 2021.

                                                BY THE COURT:

                                                _____
                                                HONORABLE MICHAEL M. BAYLSON
                                                United States District Judge