Kacy C. Manahan, Esquire
Delaware Riverkeeper Network
Pa. Attorney No. 329031
N.J. Attorney No. 275122018
925 Canal Street, Suite 3701
Bristol, PA 19007
215-369-1188 x115
kacy@delawareriverkeeper.org
*Attorney for Plaintiffs Delaware Riverkeeper Network*
*and the Delaware Riverkeeper, Maya van Rossum*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DELAWARE RIVERKEEPER NETWORK, et al.,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:20-cv-03412 |
| **U.S. ENVIRONMENTAL PROTECTION AGENCY, et al,** | ) ) ) | Michael M. Baylson, J. |
| Defendant. | ) ) ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
INTERVENOR DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION FOR REMAND WITHOUT
VACATUR TO THE EXTENT PLAINTIFFS REQUEST REMAND WITH
VACATUR**

Plaintiffs Delaware Riverkeeper Network and the Delaware Riverkeeper, Maya van Rossum ("Plaintiffs") respectfully submit this response in opposition to the States of Arkansas, Louisiana, Mississippi, Missouri, Montana, Texas, West

1

Virginia, and Wyoming, the American Petroleum Institute, the Interstate Natural Gas Association of America, and the National Hydropower Association (collectively, "Intervenor Defendants'") Motion to Strike Plaintiffs' Response to Defendants' Motion for Remand Without Vacatur to the Extent Plaintiffs Request Remand with Vacatur. (ECF No. 70). Plaintiffs' argument that vacatur is an appropriate remedy in this case is *not* a request for additional relief in violation of Federal Rule of Civil Procedure 7(b)(1), but rather central to this Court's exercise of its equitable discretion in ruling on Defendants' Motion for Remand Without Vacatur. Intervenor Defendants were aware of Plaintiffs' intent to oppose Defendants' request to remand while leaving the Clean Water Act Section 401 Certification Rule ("Rule") in place and, with this knowledge, Intervenor Defendants consented to the briefing schedule that they now claim was prejudicial. Because Intervenor Defendants' objections have no merit, this Court should deny their motion.

**BACKGROUND**

Plaintiffs brought this action challenging the Rule on July 13, 2020. (ECF No. 1). Plaintiffs seek declaratory relief that the Rule is in violation of the Administrative Procedure Act, Clean Water Act, and Tenth Amendment of the United States Constitution, and seek an order setting aside the Rule. (ECF No. 1 at 86). Intervenor

-

Defendants moved to intervene to defend the Rule, and those motions were granted as unopposed on December 18, 2020. (ECF Nos. 46, 47).

On February 10, 2021, the parties in this case agreed to an abeyance to allow Defendants to evaluate the Rule in accordance with Executive Order 13,990. (ECF No. 57). On May 27, 2021, EPA announced its intent to revise the Rule while leaving it in place during the pendency of that revision. *See* Notice of Intention, 86 Fed. Reg. 29,541. The abeyance in this case ended on June 18, 2021, when Defendants provided a status report that detailed its progress on the Rule, stated that Plaintiffs intended to oppose Defendants' Motion for Voluntary Remand Without Vacatur and proposed a briefing schedule that was agreed upon by all parties. (ECF No. 65). That briefing schedule, which was approved by order of this Court, provided all parties with the opportunity to file briefs in support of or in opposition to EPA's motion on July 22, 2021, and allowed EPA to reply to those briefs by August 5, 2021. (ECF No. 66).

In accordance with the approved briefing schedule, Defendants filed their motion on July 1, 2021, (ECF No. 67), Plaintiffs filed their Response to Defendants' Motion on July 22, 2021, (ECF No. 68), and Defendants filed their reply on August 5, 2021. (ECF No. 71). On August 4, 2021, nearly two weeks after Plaintiffs' response was filed, one day before EPA's reply was filed, and two days prior to the scheduled August 6, 2021 hearing on Defendants' motion, Intervenor Defendants

3

filed their Motion to Strike Plaintiffs' Response to Defendants' Motion for Remand Without Vacatur to the Extent Plaintiffs Request Remand With Vacatur. (ECF No. 70). Plaintiffs now file this response in opposition to Intervenor Defendants' motion.

## LEGAL ARGUMENT

**A. Plaintiffs' Response to Defendants' Motion to Remand Without Vacatur did not contain a request for additional relief in violation of Fed. R. Civ. P. 7(b)(1), but rather a counterargument to Defendants' request for the unusual relief of a remand *without* vacatur.**

As explained in Plaintiffs' Response to Defendants' Motion to Remand Without Vacatur, "[w]here an agency action is remanded for further proceedings, the determination of whether or not also to vacate the agency action is left to the court's discretion." *Nat. Res. Def. Coun. v. U.S. Envt'l Prot. Agency*, 676 F. Supp. 2d 307, 312 (S.D.N.Y. 2009) (citing *Sugar Cane Growers Co-op of Fla. v. Veneman*, 289 F.3d 89, 98 (D.C. Cir. 2002)); *see also Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 97 (D.D.C. 2019) (describing the court's broad discretion in evaluating a request for voluntary remand). This Court has the authority, through its traditional equity jurisdiction, to vacate the rule based on its unduly prejudicial effects on Plaintiffs. (ECF No. 68 at 10–11); *see also Ctr. for Native Ecosystems v. Salazar*, 795 F. Supp. 2d 1236, 1241–42 (D. Colo. 2011).

The question of vacatur is central to the question of whether a motion for voluntary remand should be granted. The U.S. District Court for the District of Columbia recognized the interwoven nature of remand and vacatur in exercising its

4

equitable discretion: "Even if defendants had forfeited their right to contest vacatur, this Court would still have the authority to consider the appropriateness of vacatur if 'injustice might otherwise result.'" *Nat'l Parks Conservation Ass'n v. Semonite*, 422 F. Supp. 3d 92, 95–96 (D.D.C. 2019) (quoting *Singleton v. Wulff*, 428 U.S. 106, 121 (1976)); *c.f. Util. Solid Waste Activities Grp. v. Envt'l Prot. Agency*, 901 F.3d 414, 438 (D.C. Cir. 2018) (deciding that where all parties agree that a rule should remain in effect during remand, no party will suffer prejudice from remand without vacatur). Intervenor Defendants' apparent surprise that Plaintiffs' Response addressed the issue of whether vacatur is appropriate is thus unwarranted.

Furthermore, the issue of vacatur was squarely addressed by Defendants in their motion, which specifically requested remand *without vacatur* based on arguments that Plaintiffs would not suffer undue prejudice in the absence of vacatur. (ECF No. 67 at 10–11). Plaintiffs responded that the only way to justify voluntary remand is to also vacate the rule to avoid undue prejudice. (ECF No. 68). In no way are Plaintiffs' counterarguments some form of "piggy-backing" "new, drastic relief" as Intervenor Defendants decry. (ECF No. 70-1 at 4). Because Plaintiffs' Response did not violate Federal Rule of Civil Procedure 7(b)(1), Intervenor Defendants' motion to strike Plaintiffs' arguments in favor of vacatur must be denied.

**B. Intervenor Defendants had the opportunity to support Defendants' request for remand without vacatur *knowing* that Plaintiffs opposed**

**Defendants' motion, but Intervenor Defendants made the strategic decision not to file a brief in support.**

In Defendants' Status Report and Consent Motion to Set Briefing Schedule for EPA's Motion for Remand Without Vacatur, Defendants signaled to this Court and all parties that "Plaintiffs intend to oppose EPA's motion for remand without vacatur[.]" (ECF No. 65 at ¶ 9). Well aware that Plaintiffs would oppose EPA's motion, Intervenor Defendants made the strategic decision not to file briefing in support of Defendants' request to remand without vacatur. (ECF No. 70-1 at 2). This Court should not grant Intervenor Defendants' motion based on a new desire to brief the issue of vacatur when they were notified of Plaintiffs' opposition to Defendants' motion more than a month prior to Plaintiffs' response and consented to the briefing schedule that they now claim prejudiced them. Because Intervenor Defendants were not prejudiced by Plaintiffs' arguments or the agreed-upon briefing schedule, their motion to strike Plaintiffs' arguments in favor of vacatur must be denied.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court deny Intervenor Defendants' Motion to Strike Plaintiffs' Response to Defendants' Motion for Remand Without Vacatur to the Extent Plaintiffs Request Remand With Vacatur.

Respectfully submitted,

Date: August 5, 2021

/s/ *Kacy C. Manahan*
Kacy C. Manahan, Esq.
Pa. Attorney No. 329031
N.J. Attorney No. 2275122018
Delaware Riverkeeper Network
325 Canal Street, Suite 3701
Bristol, PA 19007
215-369-1188 x115

*Attorney for Plaintiffs Delaware Riverkeeper Network and the Delaware Riverkeeper, Maya van Rossum*